UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN REYES CARDONAS MARTINEZ (A-Number: 089-858-778),

Petitioner,

v.

WARDEN, MESA VERDE DETENTION FACILITY,

Respondents.

No. 1:26-cv-07465-KES-FJS

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Doc. 1

Petitioner Juan Reyes Cardonas Martinez is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 4. The court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-detained pending removal proceedings, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the court's prior orders and that would justify denying the petition. Doc. 8. Respondents argue that "Petitioner is detained pursuant to 8 U.S.C. § 1231(a)(2) with an administratively final and imminently executable removal order *in absentia*[,]" dated August 7, 2026. *See* Docs. 9 at 1, 4. But as the in absentia order of removal was issued only on August 7, 2026, Doc. 9 at 4, petitioner's 180-day period to file a motion to reopen the order has not expired and the in absentia removal order is not yet final.

The Ninth Circuit has held that an in absentia removal order became final only at the end of the 180-day deadline to file a motion to reopen with the immigration judge:

> A removal order "become[s] final upon the earlier of (i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." 8 U.S.C. § 1101(a)(47)(B); *see* 8 C.F.R. § 1003.39. Because in absentia removal orders may not be appealed to the BIA without first filing a motion to reopen the order before the IJ within 180 days of the order, 8 U.S.C. § 1229a(b)(5)(C)(i); *In re Guzman-Arguera*, 22 I. & N. Dec. at 723, if the petitioner does *not* timely file such a motion before the IJ the order becomes final at the end of the 180-day period. "[T]he period in which the alien is permitted to seek review of such order by the [BIA]" also expires at that time, *id.* § 1101(a)(47)(B)(ii), because, while the alien *could have* sought BIA review *after* first exhausting her motion to reopen before the IJ, once the petitioner fails to file a timely motion with the IJ under § 1229a(b)(5)(C)(i), the ability to ultimately appeal to the BIA expires along with the 180-day deadline to seek reopening before the IJ.

*Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021); *see also Li v. Albarran*, No. 1:26-CV-00980-DAD-EFB, 2026 WL 970529, at *4 (E.D. Cal. Apr. 10, 2026) ("Because *in absentia* removal orders may not be appealed to the [Board of Immigration Appeals] without first filing a motion to reopen the order before the [immigration judge] within 180 days of the order; if the petitioner does not timely file such a motion before the [immigration judge] the order becomes final at the end of the 180-day period." (internal quotation marks and citations omitted)); *E.G.M. v. Scott*, No. C26-0744-KKE, 2026 WL 914803, at *3 (W.D. Wash. Apr. 3, 2026) (same).

///

Accordingly, petitioner is not currently subject to detention under 8 U.S.C. § 1231. And in circumstances such as these, where the government previously released petitioner under § 1226(a), before recently re-detaining him, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The court therefore grants the petition for writ of habeas corpus.

Respondents are ORDERED to provide petitioner Juan Reyes Cardonas Martinez (A-Number: 089-858-778) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.

///

///

///

///

///

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Mesa Verde ICE Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated: October 5, 2026

UNITED STATES DISTRICT JUDGE